## In re LANDE.

District Court, S. D. New York.
July 7, 1937.

Kaye, Scholer, Fierman & Hays, of New York City (Benj. M. Kaye and Herbert Rand, both of New York City, of counsel), for alleged bankrupt.

Bernard A. Grossman, of New York City, for petitioning creditor.

LEIBELL, District Judge.

There are two motions before the court in this matter—one, a motion in the nature of a demurrer asking for an order dismissing the petition in involuntary bankruptcy on the ground "that it is generally insufficient in law, and on the further grounds: (1) That the nature and amount of petitioner's claim does not appear; (2) that the nature and amount of the claim of petitioner is not alleged with sufficient definiteness and particularity as will enable the alleged bankrupt to answer the same; (3) that the petition fails to show the nature and amount and character of the securities, if any, held by the petitioner; (4) that the said petition does not show that the petitioner is a qualified credi-

tor within the meaning of section 59 of the Bankruptcy Law [as amended, 11 U.S.C.A. § 95]; (5) said petition does not set forth the essential jurisdictional facts to sustain an involuntary petition in bankruptcy."

The second motion is to dismiss the petition on the ground that the alleged bankrupt has more than twelve creditors in number and that less than three have joined as petitioning creditors herein, to wit, only one (alleged bankrupt's brother-in-law, David Traitel).

I. The first motion, in the nature of a demurrer to the petition in involuntary bankruptcy, is directed in particular to paragraph "6" of the petition, which reads as follows:

"6. That your petitioner is a creditor of the alleged bankrupt, having a provable claim against him on unpaid checks and notes payable, and by virtue of other matters in an amount in excess of $500.00 over and above the value of the securities held."

That allegation is so indefinite and deficient in particularity that the court may properly say that it does not "enable the Court to find from the petition the essential jurisdictional facts." For this defect a motion to dismiss is a proper remedy. In re St. Lawrence Condensed Milk Corporation (C.C.A.) 9 F.(2d) 896, 899.

To the indefinite allegation of paragraph "6" of the petition in involuntary bankruptcy herein the following quotation from In re Farthing (D.C.) 202 F. 557, at page 563, seems to apply:

"An analysis of the allegation discloses that 'they hold and own negotiable notes executed by G. C. Farthing' for the amounts named, 'now due and owing to petitioners.' No dates of the alleged notes are given. It is not stated whether the notes are payable to petitioners, or either of them or whether they hold them, or either of them, by assignment, if so, from whom, no due date is given, it does not appear whether respondent executed the notes as sole or joint maker, or as surety or indorser. They allege that the debts are 'provable claims.' That, however, is a conclusion of law, rather than an averment of fact, as is the allegation that they are negotiable notes, and this is always bad pleading. The fact that the notes are described as 'negotiable' contributes to the uncertainty, indefiniteness, and ambiguity which lurks in the entire allegation. If

payable to petitioning creditors, why not say so? If held by assignment, how is the respondent to know or surmise to whom they were payable, date, etc.?—of all of which he is entitled to be apprised and the court to be informed. Would any court, proceeding in accordance with any recognized system of procedural law, entertain an allegation so vague and indefinite as a basis for finding the existence of the essential jurisdictional fact without which it could not proceed to render judgment at law or decree in equity?"

The attorney for the petitioning creditor herein, although he does not ask leave to amend, contends that the defect is amendable by permission or curable by a bill of particulars.

We have here presented, however, a situation where the court might very well, in its discretion, deny the petitioning creditor leave to amend if that permission were requested (In re Farthing [D.C.] 202 F. 557, 567) and for the following reasons:

On the second motion in this proceeding involving the issue of whether or not the alleged bankrupt has more than twelve creditors within the definition of the Bankruptcy Act, affidavits were filed by both sides. From them it appears that although the attorney for the petitioning creditor herein has solicited other creditors of the alleged bankrupt in an effort to have them join in the petition in involuntary bankruptcy they have refused to do so. The alleged bankrupt claims that he has twenty-one creditors and lists them in his affidavits on the second motion. Out of a score of creditors the petitioning creditor is unable to get any one to intervene or join with him in this petition in involuntary bankruptcy. The court has received letters from some of these creditors saying that they are opposed to this bankruptcy proceeding. Further the petitioning creditor, a brother-in-law of the alleged bankrupt, has through the affidavits filed on the second motion herein unmistakably displayed a deep-set animosity towards the alleged bankrupt, an attorney, and has displayed a purpose to destroy his reputation and standing at the bar. Numerous irrelevant references to the private life of the alleged bankrupt have been unnecessarily spread over the affidavits submitted by petitioner's attorney in this proceeding to such an extent that the attorney for the alleged bankrupt has asked that the court strike from the record the scandalous matters contained in those affidavits. Under the circumstances, if the petitioning creditor had asked leave to amend his petition in involuntary bankruptcy, I should have denied the request.

II. In respect to the motion made on behalf of the alleged bankrupt to dismiss the proceeding herein on the ground that the petition is not signed by three creditors, although the alleged bankrupt has more than twelve creditors within the meaning of the Bankruptcy Act, it is unnecessary for the court to determine whether that issue should be raised by answer or to pass upon the merits of that issue on the affidavits submitted. It may be that the issue cannot be raised by motion where the facts do not appear upon the face of the petition in involuntary bankruptcy. The court is granting the first motion herein of the alleged bankrupt as above indicated and therefore will deny, but not on the merits, the second motion made by the alleged bankrupt for a dismissal of the petition on the ground that it is not signed by three creditors, although he has more than twelve creditors within the meaning of the Bankruptcy Act.

Submit orders on notice.